UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY GEORGE ) | |
| ) | |
| Plaintiff ) | Case Number: |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| GENERAL REVENUE ) | |
| CORPORATION ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Amy George, by and through her undersigned counsel, Bruce K. Warren, Esquire of Kavanagh & Kavanagh, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Amy George, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of the Ohio Consumer Sales Practices Act (OCSPA), as well as Invasion of Privacy by Intrusion Upon Seclusion.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III. PARTIES

4. Plaintiff, Amy George, (hereafter, Plaintiff) is an adult natural person residing at 231 Pennwood Avenue, Dayton, Ohio 45405. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, General Revenue Corporation , (hereafter, Defendant), at all times relevant hereto, is and was a Ohio corporation engaged in the business of collecting debt within but not limited to the State of New York and the State of Ohio, with one of two primary locations at 325 Daniel Zenker Drive, Horseheads, NY 14845.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around November, 2013, Plaintiff started to receive constant and continuous calls to her personal cell phone as well as her place of employment from the Defendant attempting to collect on an alleged past due school loan.

8. Defendant has placed numerous calls daily from multiple toll free and private numbers, each time stating that the Plaintiff owes a balance of approximately $31,000.00.

9. Plaintiff does agree that she has an outstanding balance on a school loan, but that it does not exceed $18,000.00.

10. To date, Defendant has not sent the Plaintiff anything in writing in regards to this account.

11. Plaintiff has requested validation of this account, as she does not have any recollection of a debt in an amount this high.

12. Defendant has continually refused to provide the Plaintiff with any information to validate this account, informing her on a recent call that they would not even turn over the account number for this alleged debt unless she provided the Defendant with personal information including her social security number.

13. Defendant also failed to give the Plaintiff the full mini-Miranda, by refusing to even disclose to the Plaintiff to whom the original creditor of this alleged debt was.

14. Despite being told that they could not contact the Plaintiff in work, she has continued to receive calls and voicemails from the Defendant almost daily.

15. As of the filing of this complaint, at least six (6) of Plaintiff's co-workers have been left similar detailed voicemails from the Defendant, stating that they are calling for "Amy George".

16. The above referenced voicemails left for the Plaintiff's co-workers, clearly state that the Defendant is a debt collector as well as stating the exact amount of Plaintiff's alleged debt.

17. Defendant's unnecessary tactics of contacting Plaintiff's co-workers when they had full knowledge of how to contact the Plaintiff directly was a clear attempt to humiliate the Plaintiff and force her into making payment on this alleged debt.

18. On or about January 10, 2014, Plaintiff received yet another call to her place of employment from Defendant's agent, "Angel", calling from 866-632-6032.

19. Plaintiff was again informed that "Angel" was calling to collect a debt in the amount of $31,000.00.

20. Defendant has still failed to send to send the Plaintiff validation of this alleged debt in writing which they were required to do within five (5) days of their initial communication.

21. Defendant has in turn failed to cease collection efforts until such validation has been made.

22. Plaintiff has at no time been informed of her rights to dispute this alleged debt.

23. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692c(a)(1): | At any unusual time or unusual place or unusual time and place |
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communication |

| | |
|---|---|
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(11): | Communication fails to contain the full mini-Miranda warning |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five (5) days of the initial communication |
| §§ 1692g(a)(2): | Must state the name of the creditor for whom the debt is owed |
| §§ 1692g(a)(3): | Must state the right to dispute the debt within thirty (30) days |
| §§ 1692g(b): | Collector must cease collection efforts until the debt is validated |

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of the Ohio Consumer Sales Practices Act ("OCSPA")

### O.R.C. § 1345.01, et seq.

31. The above paragraphs are hereby incorporated herein by reference.

32. Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

33. Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

34. At all times relevant, Defendant was engaged in "consumer transactions" as "suppliers" as defined by O.R.C. § 1345.01(A).

35. O.R.C. § 1345.02 prohibits "suppliers" from using unfair or deceptive practices.

36. O.R.C. § 1345.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

37. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

38. Defendant's debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

39. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

40. Defendant's acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above citied provisions and as such Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

  a. Reasonable attorney's fees and litigation expenses, plus costs of suit;

  b. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

  c. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41. The above paragraphs are hereby incorporated herein by reference.

42. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43. Ohio recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Ohio state law.

44. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

45. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

46. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47. As a result of the intrusions and invasions, Plaintiff is entitles to actual damages in an amount to be determined at trial from Defendant.

48. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages

    b.    Statutory damages

    c.    An award of reasonable attorney's fees and expenses and cost of suit; and

    d.    Such additional relief as is deemed just and proper, or that the interest of justice may require

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**Kavanagh & Kavanagh, LLC**

**Date: February 3, 2014**     BY:     *Bruce K. Warren, Esquire*
Bruce K. Warren, Esquire

Kavanagh & Kavanagh, LLC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff